Cosgrave, J.
Heard on error to the municipal court of Cincinnati.
Plaintiff in error was prosecuted in the court below upon two affidavits, each charging the commission of an assault and battery. These affidavits were based' upon a city ordinance, defining and making punishable the offense of assault and battery, .employing the identical words of the statute. This .provision is 'Section 849 of Ordinance No. 88-1919, passed and approved April 15, 1919. This was an emergency measure, it being declared that it'should go info immediate effect because it was necessary for the immediate preservation of the public safety.. -J
Cincinnati being a charter city and enjoying the benefits of home rule under the provisions of Section 3 of Article XVIII óf 'the Constitution of the state of Ohio, there is no -doubt that it has the power to define and make punishable the offense of assault and battery, notwithstanding the fact that such offense has already been made punishable by statute. The Legislature has not exclusive police power in this particular. Welch v. Cleve *256 land, 97 Ohio St., 311; Greenbury v. Cleveland, and Stein v. Cleveland, 98 Ohio St., 282, at page 286.
It is contended by counsel for plaintiff in error that the ordinance upon which these affidavits are predicated is unconstitutional and void, in that a real emergency could not have existed at the time of the passage of said ordinance, as there was a statute defining the same offense. The ordinance is not in the record and the court is not advised as to whether or not (except by the statement of counsel) it was an emergency measure. The court, however, can not now consider the question of the emergency character of the ordinance, or whether or not the contention of counsel for the plaintiff in error is well taken.
The record shows that the offenses with which the plaintiff in error was charged were committed on the 23rd day of August and on the 24th day of August, 1919, respectively, — several months after the ordinance had been passed and became effective. So it can be seen that the statutory time within which a referendum might have been invoked had long passed. There is no contention by counsel for plaintiff in error that the ordinance did not receive the necessary votes to make it an emergency measure. This question was decided in the Conservancy District Case, 92 Ohio St., 215. At page 221 the court says:
“It being conceded that this act had a majority vote in both houses and that no attempt was made to invoke the referendum provisions of the Constitution thereon, then at the end of the ninety-day period the same became a valid law as enacted. The time within which a referendum might be invoked, as provided by the Constitution, had elapsed. The right to have the same referred to the people for judgment had been lost and it was too late thereafter to attack the emergency character of that act, either as to the vote thereon, or otherwise.”
The judgment of the municipal court of Cincinnati will therefore be affirmed.